Dear Mr. Wilson:
You have asked our office to provide an opinion relating to the payment of insurance premiums for persons who retire from the Assessor's Office for East Baton Rouge Parish.
The applicable statute relative to payment of insurance premiums for employees retired from your office is La.R.S. 47:1923(D)(1), which provides:
 In the parishes of Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Calcasieu, Cameron, Claiborne, Concordia, DeSoto, East Baton Rouge, Franklin, Iberia, Iberville, Jackson, Jefferson, Lafayette, Lafourche, LaSalle, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines, Pointe Coupee, Rapides, Red River, Sabine, St. Bernard, St. Charles, St. Helena, St. John the Baptist, St. Landry, St. Martin, Tangipahoa, Tensas, Terrebonne, Union, Vermilion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, and West Feliciana, the assessor shall pay the premium cost of group life, dental, group health, hospital, surgical, or other medical insurance for any assessor or assessor's employee who retires with at least twenty years of service who is at least fifty-five years of age or who retires with at least thirty years of service at any age. A uniform policy with respect to the payment of such premium shall be formulated and applied by the assessor of each parish listed in this Subsection.
Specifically, you ask whether this provision applies to a retiring employee when such employee has transferred time from another system to the Assessor's system. The above statute requires that the assessor of the respective parish pay applicable *Page 2 
premiums costs when the individual who has retired either (1) has twenty years of service and has reached the age of fifty-five or (2) has thirty years of service. This statute does not specify whether, in meeting the service requirement upon retirement from an assessor's office listed by La.R.S. 47:1923(D), the service must be with the assessor's office from which the employee is retiring or whether the employee may use properly transferred service credit.
We direct your attention to La. Atty. Gen. Op. No. 10-0196, for purposes of interpretive instruction, although the statute discussed is not directly applicable to assessors. This opinion concerned the payment of insurance premiums for an individual who retired from the Assumption Parish Sheriff's Office with the requisite number of years of creditable service; however, only one of those years of service was with the Assumption Parish Sheriff's Office. The language of La.R.S. 33:1448(H)(1) requires payment of premiums by the Assumption Parish Sheriff for retirees "with at least twenty years of service and who are at least fifty-five years of age." La. Atty. Gen. Op. No. 10-0196 concluded that the Sheriff was obligated to pay premiums for any individual who meets the requirement, even if the service was not performed solely with the Assumption Parish Sheriff's Office, as long as it was properly transferred. As noted in this opinion, this conclusion was based on the language used in the statute as a whole, notably, the fact that the legislature qualified in some subsections, i.e., La.R.S. 33:1448(L) and (M), that the years of service must be with the particular sheriff's office from which the individual was retiring. Based on the fact that some provisions required that service be with the sheriff's office from which the employee was retiring, and others simply required a certain number of years of service, this office gave meaning to the distinction, reasoning that if the legislature wanted to require that the service be with that particular sheriff's office, it could have so specified.
As similar language is used in the two statutes, requiring a specific number of years of service, without qualifying that the service be performed with the office from which the individual is retiring, the same conclusion must be reached here.[1] Thus, La.R.S. 47:1923(D) applies to an employee retiring from an assessor's office named by the statute who has obtained the requisite number of years of service through service properly transferred. In other words, for a retiring employee to qualify for benefits under La.R.S. 47:1923(D), the entirety of the applicable years of service need not be performed in the assessor's office from which the individual retires, as long as any service years are transferred to the assessor's system in accordance with law.[2] *Page 3 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce Assistant
 Attorney General

JDC: EAB
[1] Please see La.C.C. art. 13, which provides that laws on the same subject matter must be interpreted in reference to each other.
[2] As the opinion request does not specify the system from which the employee has transferred service credit, for the purposes of this opinion, we assume that the transfer of service has been accomplished and accepted by the receiving system in accordance with La.R.S. 11:143.